judge Underwood,
delivered the opinion of the court.
The principal points involved in the controversy between these parties, were settled by this court, in an opinion delivered at the f pril term, 18*28, and which may he found in the (jth volume of Monroe’s *82 Reports, page, 669. It contains a full statement of till the important facts, and we refer to it for them. Upon the return of the cause to the circuit court, a commissioner was appointed to make the assessment directed by the opinion and decision of this court. The first commissioner appointed, declined acting. In consequence thereof, another was substituted at a subsequent term. He made a report which was quashed and a third commissioner was therefore appointed “to make up an account between the parties agreeably to the opinion of the court of appeals, with directions to take proof of the quantity of land on which rent is chargeable, and the number of years for which rent is chargeable, and to credit the complainant by the amount of each year’s rent as it becomes due.” The last commissioner made a report, presenting two estimates of the rent, one founded on the depositions filed in the cause, the other, based upon testimony which he rece.ved and returned to the court. By the first mode of calculation, the rents and interest thereon amount to .§397 68 cents, by the last, to §182 72 cents only. The commissioner evidently prefers assessing the rents at §183 72 cents. The court quashed that part of the report which estimated the rents at $182 72 cents, and compelled Sibe-rt to account for §397 68 cents rent; Sibert excepted, and lias brought the case up for rescisión.
There is a difference between crediting partial payments by deducting amount of each when made, from the aggregate of principal and interest then due, ami calculating interest outlie residue up so the time when the whole debt is paid ; and calculating interest on the whole amount of' principal up to the time of the final payment of the debt, and then crediting the amount by all the psu tial payments and interest upon them.
We are of opinion, that the court ought not to have decreed upon the basis assumed. The report of the commissioner allowed interest upon the value of the rents from the periods at which the annual rent was supposed to have been payable. This is contrary to the directions given by this court, and which must conclude the parties. This court directed that the rent assessed, should be credited “at the close of the account against the money due, and interest.” If interest was intended to be given on the rents, it would certainly have been expressed, fciilence is equivalent to a refusal to allow it. Moreover, we think that full justice would have been done by crediting the rents as annual payments. There is no pretext for giving more than tais to Kelly. If he had got no more, we should not have been disposed to molest the decree on this ground; but he has got more, for there is a difference between crediting partial payments as they were made by dr *83 ducting their amount from the sum made up of principal and interest then due, and calculating interest on the residue up to the time when the whole debt is paid; and calculating interest on the whole amount of-principal up to the time of the final payment of the debt, and then crediting the amount by all the partial payments and interest upon them. This difference seems to have escaped the attention of the court. We are, moreover of opinion, that the order appointing the commissioner should have authorized him to take iestimony in relation to the rent per acre, which Sibert should be charged with.
Whatever evidence is taken by a commis doner should be reported to the court.
Triplett, for plaintiff; Rudd, for defendant.
The first order made after the return of the cause from this court, appointing Hughes, would have authorized him to receive proof had he acted. We perceive no reason for restricting Beal on this point. On the contrary, the-report made by him, shows that the authority should have been given. The depositions whi ch speak of the rent per acre, as worth .yl 50 cents or $2 00 were taken at a time when notes on the bank of the commonwealth constituted, we believe, the principal part of the circulating medium of the country. They were then at a great depreciation, probably not worth in specie more than half their nominal amount.
There is reason to apprehend from these circumstances, that the witnesses had in view the currency of the country, in estimating the rents. It is clear, that they were not called on to discriminate. We deem it therefore improper, to decide the cause by placing a technical construction upon the language of tlie depositions, when all danger of error may be avoided by appointing a commissioner and giving him proper powers.
Whatever evidence is taken by the commissioner, should be reported to the court, Hammon and ux vs. Pearl, &c. VI Mon. 413.
Decree reversed with costs, and cause remanded, for proceedings in conformity to this opinion.